**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Christian Hall, | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 1:25-CV-01058 |
| | § | |
| | § | |
| Innovis Data Solutions, Inc., | § | |
| DEFENDANT. | § | |

**ORDER GRANTING DEFENDANT'S**

**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Before the Court is Defendant Innovis Data Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings. Dkt. No. 11. The Court has reviewed the Motion, Plaintiff's Response, and Defendant's Reply, as well as the applicable law and record of this case. The Court finds that the Motion should be granted and that judgment should be entered in Defendant's favor.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standards as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896 (W.D. Tex. 2021), *aff'd sub nom. Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450 (5th Cir. 2022) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937.

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Terry Black's*, 514 F. Supp. 3d at 902 (citing *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Plaintiff Hall brings this action under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, arguing that Defendant failed to provide Hall a full consumer file disclosure after Hall made a complete and proper request—in violation of 15 U.S.C. § 1681g(a)(1). See Dkt. No. 9, Pl's FAC at ¶¶ 1, 7-13. Plaintiff's First Amended Complaint sets forth facts alleging that Hall submitted a written request to Innovis for a full consumer file (¶ 7), that Innovis received the request (¶ 8), and that Innovis failed to provide a response or file disclosure to Hall (¶ 9). Innovis argues that it is entitled to judgment on the pleadings because Hall has not plausibly stated a claim under the FRCA—primarily because Innovis maintains it has no file history to provide, and Hall has not alleged that there was ever a "file" to disclose. *See* Dkt. No. 11 at 5-6.

To state a claim under the FCRA, a plaintiff must allege facts supporting an inference that an inaccuracy resulted from the defendant's failure to follow reasonable procedures. *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 896 (5th Cir. 1998). Moreover, the inaccuracy in a report covered by the FCRA must have "resulted from negligent or willful failure to use reasonable procedures when the report originally was prepared, not upon reinvestigation." *Waggoner v. Trans Union,*

*LLC*, No. 3:02-CV-1494-G, 2003 U.S. Dist. LEXIS 21911, at \*16 (N.D. Tex. July 17, 2003) (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir.1998)).

Plaintiff has only established the following facts: (1) he sent a file disclosure request to Innovis; (2) Innovis received the request; and (3) Plaintiff did not receive a file disclosure. Those three facts do not add up to a claim under the FRCA. Nothing in Plaintiff's First Amended Complaint, nor any of the relevant documents which the Court could review, contain any plausible allegation that Innovis negligently or willfully failed to use reasonable procedures when Hall's report was prepared—or that they even had relevant information to report. Hall's Complaint fails to allege that any inaccuracy even occurred after he made his request.

Because Plaintiff has wholly failed to allege any plausible facts supporting his FRCA claim, the Court finds that Defendant's Motion should be granted and judgment should be entered in favor of Innovis.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED.** Final judgment will be separately issued.

**SIGNED** on July 14, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3